O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| In re: | Case № 5:15-cv-00014-ODW |
| | U.S. Bankruptcy Court Case No. |
| CITY OF SAN BERNARDINO, | 6:12-bk-28006-MJ |
| CALIFORNIA, | |
| Debtor. | **OPINION** |
| | **Appeal from the United States** |
| SAN BERNARDINO CITY | **Bankruptcy Court for the Central** |
| PROFESSIONAL FIREFIGHTERS | **District of California, Riverside** |
| LOCAL 891, | **Division;** |
| Appellant, | **The Honorable Meredith A. Jury** |
| v. | **Presiding** |
| CITY OF SAN BERNARDINO, | |
| CALIFORNIA, | |
| Appellee. | |

## I.   INTRODUCTION

Appellant San Bernardino City Professional Firefighters Local 891 ("Firefighters") appeals from the bankruptcy court's order denying its motion for relief from stay ("Stay Motion").  The bankruptcy court held that the Firefighters

could not pursue an action in state court against Debtor-Appellee City of San Bernardino ("City") and its officers for violating state law by reducing the Firefighters' salaries and benefits following the City's unilateral rejection of their collective bargaining agreement.[1]   This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1).   For the reasons discussed below, the Court **AFFIRMS** the bankruptcy court's order in full.[2]

## II.   STANDARD OF REVIEW

The grant or denial of relief from stay is reviewed for abuse of discretion.   *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996).   "Decisions committed to the bankruptcy court's discretion will be reversed only if 'based on an erroneous conclusion of law or when the record contains no evidence on which the bankruptcy court rationally could have based that decision.'"   *Id.* (internal brackets omitted).

## III.   DISCUSSION

### A.   Applicability of the Automatic Stay

The Firefighters argue that their proposed claims are not stayed under 11 U.S.C. § 362(a) or 11 U.S.C. § 922.   (Appellant's Br. 14–19.)   As to § 362(a), the Court already disposed of this argument in a prior opinion.   *In re City of San Bernardino, Cal.*, 530 B.R. 489, 495 (C.D. Cal. 2015).   There, like here, the Firefighters sought relief from stay to file an action alleging violations of state law arising from new employment conditions imposed after the City rejected its collective bargaining agreement.   *Id.* at 492–93.   This Court affirmed the bankruptcy court's denial of relief

---

[1]   The Court refers its prior opinions for the extensive factual and procedural history underlying the City's bankruptcy and the labor dispute between the City and the Firefighters.   *In re City of San Bernardino, Cal.*, 530 B.R. 474, 477–80 (C.D. Cal. 2015); *In re City of San Bernardino, Cal.*, 530 B.R. 489, 492–93 (C.D. Cal. 2015); *In re City of San Bernardino, Cal.*, No. 5:15-CV-00042-ODW, 2015 WL 2153770, at *1–2 (C.D. Cal. May 7, 2015); *In re City of San Bernardino, Cal.*, No. 5:15-CV-00815-ODW, 2015 WL 6957998, at *1–2 (C.D. Cal. Nov. 10, 2015); *see also City of San Bernardino, Cal.*, 499 B.R. 776, 780 (Bankr. C.D. Cal. 2013).

[2]   After considering the briefs and excerpts of record filed by each party, the Court finds that the decisional process would not be significantly aided by oral argument because the facts and legal arguments are adequately presented in the briefs and record.   Fed. R. Bankr. P. 8019(b)(3).

from stay under § 362(a)(1) and (a)(3).  *Id.* at 495–99.  There is no basis on which to distinguish that holding.  Accordingly, the Court concludes that § 362(a) stays the contemplated action.

Similarly, § 922(a)(1) stays the proposed action against any City officials.  That section, which applies specifically to Chapter 9 bankruptcies, enjoins "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against an officer or inhabitant of the debtor that seeks to enforce a claim against the debtor."  § 922(a)(1).  Contrary to the Firefighters' arguments, that section is not limited to pre-petition claims.  (Appellant's Br. 17–18.)  All bankruptcy stay provisions that are so limited expressly state that limitation in the text of the statute.  *E.g.*, § 362(a)(1), (a)(2), (a)(5), (a)(6), (a)(7).  The fact that § 922 contains no such limitation demonstrates that the statute was intended to stay both pre- and post-petition claims.  *Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

**B.      Termination of the Automatic Stay Under § 362(e)(1)**

The Firefighters argue that the stay was not properly extended between the preliminary hearing in April 2013 and the final hearing in December 2014, and thus terminated by operation of law under 11 U.S.C. § 362(e)(1).  (Appellant's Br. 10–14.) The Court is not persuaded.

Section 362(e)(1) provides, in relevant part, that the automatic stay expires by operation of law thirty days after a motion for relief from stay is filed unless: (1) a preliminary hearing is held within thirty days of the filing of the motion; (2) the court orders the "stay continued in effect pending the conclusion of . . . a final hearing"; (3) "there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing"; and (4) the final hearing occurs "not later than thirty days after the conclusion of such preliminary hearing, unless the 30-

day period is extended . . . for a specific time which the court finds is required by compelling circumstances." § 362(e)(1).

Each condition was clearly met. First, the Firefighters do not dispute that the bankruptcy court held a preliminary hearing on the Stay Motion within thirty days after it was filed. Second, Local Bankruptcy Rule 4001-1(c)(3) provides that any order continuing the hearing on a motion for relief from stay "is deemed to include an order continuing the stay in effect until the conclusion of the hearing on such later date." Thus, each order continuing the hearing date on the Stay Motion was also an order extending the stay.[3] (SER 1500–02, 1511–13, 1554–56, 1653–55, 1898–1901, 2057–60, 2169–72, 2308–11, 2414–17, 2430–33, 2449–52, 2465–68, 2485–88, 2506, 2555, 2620.) Third, the bankruptcy court expressly stated at the preliminary hearing that it was inclined to deny the Stay Motion based on the briefing and evidence then before it, and thus the court obviously found that it was "reasonabl[y] likel[y]" that the City would ultimately prevail on the Stay Motion. (AER 218–19, 229, 232–33.)

Finally, all of the continuances ordered by the Court were required by compelling circumstances. At the April 2013 preliminary hearing, the bankruptcy court determined that both the City's eligibility for Chapter 9 relief and the outcome of the City's pending motion for authorization to reject the collective bargaining agreement ("Rejection Motion") would have a substantial impact on the disposition of the Stay Motion, and thus it needed to adjudicate those two issues first. (AER 218–19, 229, 232–33, 253, 279.) However, between April 2013 and September 2013, the court was unable to rule on either due to numerous related discovery disputes. (SER 1511–13, 1554–56, 1653–55, 1817–20.) After the court ruled on the eligibility issue in August 2013, it decided to hold the Rejection Motion and Stay Motion in abeyance

---

[3] While the City did not make this argument before the bankruptcy court, the Court exercises its discretion to consider the argument on appeal. The relevant record with respect to the issue is fully developed, and the Firefighters had an opportunity to respond to the argument in its Reply brief. *See Emmert Indus. Corp. v. Artisan Assoc., Inc.*, 497 F.3d 982, 986 (9th Cir. 2007).

1    in the hope that a successful mediation between the parties would moot both motions.
2    (SER 2125–31, 2211–13, 2365–67; AER 402–08, 439–41, 487–90, 537–39, 547–48,
3    600–09.)  In June 2014, when it became clear that mediation would not succeed, the
4    court set the Rejection Motion for hearing in September 2014.  (AER 599; SER 2530–
5    34, 2622–31.)  The court granted the Rejection Motion, and set a final hearing on the
6    Stay Motion in December 2014 to give the parties time to submit additional evidence
7    and briefing.  (SER 2656–60.)  This series of events constitutes the "compelling
8    circumstances" required to hold the final hearing more than thirty days after the
9    preliminary hearing.  Accordingly, the stay did not automatically terminate under
10   § 362(e)(1).

11   **C.     Bankruptcy Court's Jurisdiction Over the Proposed Action**

12   The Firefighters argue that because the bankruptcy court lacks core jurisdiction
13   over the proposed action, it erred in holding that an adversary proceeding was a viable
14   alternative to granting relief from stay.  (Appellant's Br. 19–23.)  This Court
15   previously determined that the Firefighters' proposed action is within the bankruptcy
16   court's core jurisdiction, *City of San Bernardino, Cal.*, 2015 WL 6957998, at *5–6,
17   and thus rejects this argument.

18   **D.     Cause to Terminate Automatic Stay**

19   The Firefighters argue that the bankruptcy court abused its discretion by not
20   granting relief from stay because (1) "the City's failure to comply with state law
21   demonstrates cause existed to terminate the automatic stay"; (2) a "highly specialized
22   tribunal exists to decide the [proposed] claims"; and (3) "the [bankruptcy] claims
23   process cannot provide the relief necessary to address the City's violations of state
24   law." (Appellant's Br. 23–30.)  The Court also rejects these arguments.

25   The first argument puts the cart before the horse.  The merit of the proposed
26   action has no bearing on whether relief from stay is appropriate beyond a threshold
27   showing that the movant has a "colorable claim" for relief.  *In re Johnson*, 756 F.2d
28   738, 740 (9th Cir. 1985); *In re Veal*, 450 B.R. 897, 914 (B.A.P. 9th Cir. 2011).  The

second argument is waived.  At the final hearing on the Stay Motion, the Firefighters confirmed that their intended venue for the proposed action was state court and *not* the Public Employee Relations Board ("PERB").  (SER 2759–60.)   The Firefighters cannot now argue that the bankruptcy court erred by giving insufficient weight to the PERB's expertise in deciding whether or not to grant relief from stay. *See In re S & B Surgery Ctr. LFMG-S & B v. Fortress Credit Corp*, No. LA CV11-06713 JAK, 2014 WL 10755272, at *5 (C.D. Cal. Jan. 21, 2014) (a party cannot make arguments on appeal that directly contradict positions taken before the bankruptcy court).  And even if the argument was not waived, the Court sees no abuse of discretion in the bankruptcy court's alternative finding that the PERB's expertise did not outweigh the other factors that clearly favored denying relief from stay.  (SER 2712–18.)

Finally, the Firefighters are not limited to the bankruptcy claims process to resolve their state law claims.  The Firefighters can file—and indeed *have* filed—an adversary proceeding before the bankruptcy court, *San Bernardino City Prof'l Firefighters, Local 891 v. City of San Bernardino, Cal.,* Case No. 6:15-ap-01119-MJ (Bankr. C.D. Cal), and the Firefighters do not explain why such a proceeding is inadequate. *See* Fed. R. Bankr. P. 7001(1), (7), (9) (adversary proceedings can be used to recover money or property, to obtain an injunction or other equitable relief, or to obtain a declaratory judgment).

## IV.   CONCLUSION

For the reasons discussed above, the bankruptcy court's denial of relief from stay is **AFFIRMED**.  The Clerk of the Court shall close the case.


**IT IS SO ORDERED.**

January 12, 2016


_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**